UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DONALD FENTRESS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:18-cv-00453 |
| | ) Judge Trauger |
| TENNESSEE DEPARTMENT OF | ) |
| CORRECTION,[1] | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM OPINION

Donald Fentress, an inmate at DeBerry Special Needs Facility in Nashville, Tennessee, filed this *pro se* civil rights action under 42 U.S.C. § 1983 against the Tennessee Department of Correction. The plaintiff also filed an application to proceed *in forma pauperis* (Doc. No. 2) and a motion to appoint counsel (Doc. No. 3).

**I.    Application to Proceed as a Pauper**

The court may authorize a prisoner to file a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from the plaintiff's *in forma pauperis* application that he lacks sufficient financial resources from which to pay the full filing fee in advance, his application (Doc. No. 2) will be granted. The plaintiff must nonetheless pay the $350.00 filing fee, so the fee will be assessed as directed in the accompanying order. 28 U.S.C. § 1915(b)(1).

---

[1] The docket reflects that DeBerry Special Needs Facility ("DSNF") is also a defendant in this action. Upon review of the complaint, however, the plaintiff lists DSNF as the address of the Tennessee Department of Correction, not as an additional defendant. (Doc. No. 1 at 6.) Accordingly, the Clerk will be directed to update the docket to reflect that the Tennessee Department of Correction is the only defendant in this case.

## II. Motion to Appoint Counsel

As discussed below, this action will be dismissed for failure to state a claim upon which relief can be granted. Accordingly, the plaintiff's motion to appoint counsel (Doc. No. 3) will be denied as moot.

## III. Initial Review

Under the screening requirements of the Prison Litigation Reform Act ("PLRA"), the court must conduct an initial review and dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1). The court must also construe a *pro se* plaintiff's complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

### A. Factual Allegations

The plaintiff's handwriting is nearly illegible. For the purpose of initial review, however, the court has established the following transcription of plaintiff's statement of facts, in full and unaltered:

> Plaintiff claims in year 1987, March, that he was poison by correction officer at Turney Center, which resulted in loss of right (kidney)). Also in March 1987, Plaintiff claims he was injection by a nurse at Turney Center, which resulted in loss of (rib cage)).

(Doc. No. 1 at 7.) The plaintiff requests monetary damages and release from prison. (*Id.* at 8.)

### B. Standard of Review

To determine whether a prisoner's complaint "fails to state a claim on which relief may be granted" under the PLRA's screening requirements, the court applies the same standard as under

Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not, however, extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**C.     Discussion**

To state a claim under 42 U.S.C. § 1983, "a plaintiff must set forth facts that, when favorably construed, establish: (1) the deprivation of a right secured by the Constitution or laws of the United States; (2) caused by a person acting under the color of state law." *Baynes v. Cleland*, 799 F.3d 600, 607 (6th Cir. 2015) (citing *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)). Here, the plaintiff has failed to state a claim under § 1983 for at least three reasons.

First, the only defendant in this action is the Tennessee Department of Correction ("TDOC"). The TDOC, however, is not a proper defendant because it is an administrative department of the state of Tennessee, "not a 'person' within the meaning of § 1983." *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989)). Second, the plaintiff's alleged injuries occurred in March 1987, over thirty years ago. Tennessee has a one year statute of limitations for § 1983 claims. *Jordan v. Blount Cty.*, 885 F.3d 413, 415 (6th Cir. 2018) (citing Tenn. Code Ann. § 28-3-104(a)). Thus, the plaintiff's claims are clearly untimely. And third, part of the relief that the plaintiff seeks is release

3

from prison. This relief is not available under § 1983, as a prisoner seeking "immediate release or a speedier release" must do so "through a writ of habeas corpus, not through § 1983." *Wershe v. Combs*, 763 F.3d 500, 504 (6th Cir. 2014) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).

## IV. Conclusion

For these reasons, the plaintiff's application to proceed in forma pauperis (Doc. No. 2) will be granted, his motion to appoint counsel (Doc. No. 3) will be denied as moot, and this action will be dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915A, 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1). The court will also certify that any appeal in this matter would not be taken in good faith. 28 U.S.C. § 1915(a)(3). The court, therefore, will not grant the plaintiff leave to proceed *in forma pauperis* on any appeal.

The court will enter an appropriate order.

ENTER this 24th day of July 2018.

_____
ALETA A. TRAUGER
United States District Judge